**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**DAVID STARNES**                                                          **PETITIONER**
**Reg. #17365-075**

**VS.**                                 **NO. 2:09CV00034-BSM-BD**

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                               **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

The following recommended disposition has been sent to United States District

Judge Brian S. Miller.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen

(14) days from the date of this Recommended Disposition.  A copy will be furnished to

the opposing party.  Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Introduction

Petitioner David Starnes is currently serving a fifty-one month sentence in the United States Bureau of Prisons ("BOP").  At the time Petitioner filed this habeas corpus petition, he was in custody at the Federal Correctional Complex ("FCC"), Forrest City, Arkansas.[1]  In this petition, Petitioner challenges the manner in which the BOP has calculated his sentence. (docket entry #2 at p. 4)  The Respondent contends that the BOP has calculated Petitioner's sentence correctly under 18 U.S.C. § 3585(b)(2).  (#9 at p. 3) For the reasons set forth below, Petitioner's petition must be DISMISSED.

## III.   Background

Federal Drug Enforcement agents arrested Petitioner on March 13, 2002, on money laundering charges.  (#9-2 at p. 16)  Petitioner was released on bond on March 15, 2002. (#9-2 at p. 17)  While released on bond, Tennessee state authorities  arrested Petitioner on December 16, 2003, on charges of possession with intent to deliver and delivery of cocaine.  (#9-2 at p. 10, 31)  On September 15, 2004, the Davidson County

---

[1] Petitioner is now incarcerated at the United States Penitentiary ("USP"), Big Sandy, Kentucky, Satellite Prison Camp.

Criminal Court of Nashville, Tennessee sentenced Petitioner to twelve years in the

Tennessee Department of Correction.  (#9-2 at p. 10)

On June 14, 2005, the United States Marshal Service took physical custody of

Petitioner from the Tennessee Department of Correction pursuant to a writ of habeas

corpus *ad prosequendum*.  (#9-2 at p. 17, 27)  On November 13, 2006, the United States

District Court for the Middle District of Tennessee sentenced Petitioner to fifty-one

months for conspiracy to commit money laundering and for being a felon in possession of

a firearm.  (#9-2 at p. 19)  The District Court entered a judgment ordering that Petitioner's

"federal sentence is to run concurrent with his state sentence."  (#9-2 at p. 20)

On December 6, 2006, the United States Marshal returned Petitioner to the

Tennessee Department of Correction to continue serving his state sentence.  (#9-2 at p.

17, 27)  On May 2, 2007, Petitioner completed service of his state sentence and was

released from the Tennessee Department of Correction to the United States Marshal to

complete service of his federal sentence. (#9-2 at p. 27)

IV.  **Sentence Credit**

Petitioner brings this habeas corpus petition under 28 U.S.C. § 2241, challenging

the manner in which Respondent is executing his sentence.[2]  Specifically, Petitioner

claims that the BOP should compute his sentence to give him credit for time he was in

---

[2]From the documents provided by the parties, it appears that Petitioner has fully
exhausted his administrative remedies.

temporary custody of the United States Marshal on a writ of habeas corpus *ad prosequendum* from June 14, 2005, until the District Court imposed its sentence and entered judgment on November 13, 2006.  (#1 at p. 4)   Respondent argues that it has appropriately calculated Petitioner's sentence under 18 U.S.C. § 3585.  (#9 at pp. 3-4)

Whether a prisoner who committed a federal offense receives credit for time spent in custody is governed by 18 U.S.C. § 3585.  *Kendrick v. Carlson*, 995 F.2d 1440, 1444 n. 3 (8th Cir. 1993).  The statute provides:

Calculation of term of imprisonment

(a) Commencement of sentence.  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has *not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added).  The Attorney General, through the BOP, has the authority to award credit under section 3585(b) for time served.  *United States v. Wilson*, 503 U.S. 329, 333-36, 112 S.Ct. 1351 (1992).

Petitioner began serving his state sentence on September 15, 2004.  Authorities for the State of Tennessee awarded Petitioner credit toward his sentence for time served from the date of his arrest on December 16, 2003 through September 14, 2004.   (#9-2 at pp. 9-10)   Petitioner continued to receive credit for time served on his state sentence while he was "on loan" to federal authorities on a writ of habeas corpus *ad prosequendum*.  (#9-2 at pp. 3, 31)

Because Petitioner already has received credit toward his Tennessee sentence for the time he served from June 14, 2005, through the day prior to the date the District Court entered a judgment imposing his federal sentence, November 12, 2006, under the applicable statute he cannot also receive credit toward his federal sentence for the same time served.  See *United States v. Wilson*, 503 U.S. at 337 (in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"); see also *Potwin v. Sanders*, 231 Fed. Appx. 538, 539 (8th Cir. 2007) (unpub.) (federal inmate not entitled to credit where "time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted"); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).

Petitioner also claims he is entitled to credit toward service of his federal sentence from June 14, 2005, until November 13, 2006, because he was in the "custody of the

United States Marshal." Petitioner misunderstands his status. Petitioner was transferred to temporary federal custody on June 14, 2005, under a writ of habeas corpus *ad prosequendum* until December 12, 2006, when federal authorities returned Petitioner to state authorities. A writ of habeas corpus *ad prosequendum* does not alter a prisoner's custody status, but rather merely changes the location of the custody. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994). When an inmate is transferred under a writ of habeas copus *ad prosequendum*, "[p]rimary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." *United States v. Cole*, 416 F.3d 894, 896-897 (8th Cir. 2005) (citations omitted).

Consequently, Petitioner remained in the primary custody of the Tennessee Department of Correction, and the time Petitioner served was properly credited toward his state sentence, and not toward his federal sentence, until the date the District Court entered its judgment ordering that Petitioner serve his federal sentence concurrent with his state sentence.[3] *Sisemore v. Outlaw*, No. 09-3468, 2010 WL 364351 at *1 (8th Cir. 2010) (unpub. table op.) (federal sentence that district court orders to run concurrent with sentence already being served cannot commence prior to the date it is pronounced) (citing *Coloma v. Holder*, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam)).

---

[3]The BOP awarded Petitioner credit toward his federal sentence for all of the time served on his state sentences after the judgment was entered ordering the sentences to run concurrently. (#9-2 at p. 7)

## V.      Conclusion

Petitioner's challenge to the Respondent's computation of his federal sentence is without merit.  Accordingly, the Court recommends that the District Court dismiss David Starnes's petition for writ of habeas corpus in its entirety, with prejudice.

IT IS SO ORDERED this 9th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE